## Williams Estate.

274

Argued March 23, 1964. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

reargument refused September 25, 1964.

*Paul Ginsburg,* for appellant.

*Thomas N. Griggs,* with him *Donald C. Bush, John
Stewart, Jr., Robert W. Duggan,* and *Griggs, More-
land, Blair & Douglass,* for appellees.

OPINION PER CURIAM, July 31, 1964:

The substantial question before this Court is wheth-
er the orphans' court award of fees to special counsel
was excessive and therefore constituted an abuse of
discretion.

The guardians of an adjudicated incompetent re-
tained special counsel to institute an action against
certain persons for fraud in connection with the pur-
chase by those persons from the incompetent of cer-
tain securities owned by her. Special counsel brought
suit in 1958, and, after substantial efforts on their
part, a settlement was reached in 1962 in the amount
of $325,000. Thereafter, the guardians filed a petition
for leave to pay special counsel $50,000 for their serv-
ices, in addition to the $32,150 in fees already paid
them. Following a full hearing, the orphans' court
ordered the payment of the additional $50,000. After

exceptions to this determination were filed by the incompetent's personal counsel, the orphans' court affirmed the award of the additional fee bringing the total fees awarded to special counsel to $82,150. The incompetent, by her personal counsel, appealed.

Our review of the lower court's adjudication indicates that it omitted consideration of an extremely important factor necessary to the proper determination of the value of the services performed by an attorney, namely, the amount of net recovery or benefit accruing to the party represented. Neither the record nor the lower court's opinion contain any calculation indicating the extent to which the incompetent's estate was benefited as a result of this litigation. On the basis of the facts contained in the record, we have made a rough calculation of the net recovery accruing to the estate by applying to the gross recovery the impact of federal income taxes, costs and the enumerated expenses. Had the lower court made such a calculation it could not have reasonably allowed a total fee to special counsel in excess of $70,000. Hence, we modify the decree by reducing the amount of the additional fee awarded to special counsel by the court below to $37,850 and as so modified the decree is affirmed.

Decree modified and as modified affirmed. Costs to be paid by appellees.

Mr. Chief Justice BELL and Mr. Justice ROBERTS concur in the result.

———

DISSENTING OPINION BY MR. JUSTICE JONES:

I dissent. I believe that the matter of the allowance of counsel fees was within the discretion of the court below, and I find no abuse of discretion in the case at bar.